UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCUS M. DAVIS,

    Petitioner,

-vs-                                                      Case No. 8:12-CV-859-T-27MAP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Before the Court is Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 ("petition") (Dkt. 1). Upon consideration, the Court concludes that the petition is subject to dismissal as time-barred under 28 U.S.C. § 2244(d). *See Day v. McDonough,* 126 S.Ct. 1675, 1684 (2006) (district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition, but must accord the parties fair notice and an opportunity to present their positions). *See also Jackson v. Sec. for the Dep't of Corrs.,* 292 F.3d 1347, 1348-49 (11th Cir. 2002) (before addressing the merits of a state prisoner's request for federal habeas relief, a district court may determine whether the petition is barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")).

The AEDPA created a limitations period for petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . ." 28 U.S.C. § 2244(d)(1)(A).

*v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)). *See also, Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) ("[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (citation and internal quotations omitted).

In support of his claim for equitable tolling, Petitioner asserts that "[o]n or about April 2008, Petitioner went to. . .North Florida Reception Center. . .[w]here he under [sic] went medical treatment. On August 17, 2009, Petitioner was able to file his 3.850 in which [sic] Petitioner finally had access to legal help on May 20, 2008." (Dkt. 1 at docket page 10).

First, Petitioner's allegations show that he had "legal help" beginning on May 20, 2008. Petitioner did not file his post conviction motion until August 17, 2009, more than one year after Petitioner admits legal assistance became available to him.

Second, Petitioner's assertion that in April 2008, he underwent medical treatment is insufficient to support equitable tolling. Petitioner does not identify his illness or the treatment he received, or explain how the illness and treatment delayed his filing of the state post conviction motion for even a day. Conclusory allegations are insufficient to raise the issue of equitable tolling. *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1292-93 (11th Cir. 2002). Absent supporting evidence in the record, a court generally cannot consider a habeas petitioner's vague and conclusory assertions. *See Tapanes v. McNeil*, 2011 U.S. Dist. LEXIS 15707, *15 n.8 (S.D. Fla. Jan. 18, 2011) (citing *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991)).

Petitioner has not alleged nor shown that there were extraordinary circumstances that were both beyond his control and unavoidable with diligence that prevented timely filing of his federal habeas petition. Therefore, he is not entitled to equitable tolling.

3

B. Actual Innocence

Petitioner appears to assert that the Court should address the merits of his petition and grant him habeas relief because of his actual innocence. Petitioner was convicted of neglect of a child causing great bodily harm (Dkt. 1 at docket page 1). Pursuant to Section 827.03(3)(b), Fla. Stat., "[a] person who willfully or by culpable negligence neglects a child and in so doing causes great bodily harm, permanent disability, or permanent disfigurement to the child commits a felony of the second degree." In support of his actual innocence claim, Petitioner asserts that the "evidence did not support any connection between the neglect and serious bodily injury." (Dkt. 1 at docket page 4).[2]

In *Melson v. Allen*, 548 F.3d 993, 1002 (11th Cir. 2008), the Eleventh Circuit Court stated:

> Neither the Supreme Court nor this Court has ever held that the Constitution requires an actual innocence exception to the AEDPA's one-year limitations period. *See Johnson v. Florida Dep't of Corr.*, 513 F.3d 1328, 1333 (11th Cir.2008) ("To date, this Court has avoided this constitutional issue because no time-barred petitioner has made the requisite actual-innocence showing."). Before reaching this question, the petitioner must first make a sufficient showing of actual innocence.

A showing of actual innocence "requires the petitioner to produce new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Id.* (quotation omitted). "[T]o show actual innocence one must show by clear and convincing evidence that but for a constitutional error, no reasonable juror would have found the petitioner [guilty]." *Sawyer v. Whitley*, 112 S. Ct. 2514, 2517 (1992). Petitioner has made no such showing.

---

[2] Petitioner admits that the child "suffered serious bodily injury and some permanent disfigurement" but argues that "those injuries where [sic] the result of the initial scalding, not a result of the failure to seek medical attention." (Dkt. 1 at docket page 8).

4

Instead of producing new evidence that he is factually innocent of the crime,[3] Petitioner challenges the fairness of his trial by challenging the sufficiency of the evidence used to convict him. This argument does not constitute "new reliable evidence" of his actual innocence. Petitioner has submitted no evidence in connection with the instant habeas petition which could support his contention that he is actually innocent of the crime for which he was convicted.

In sum, Petitioner has failed to present new evidence showing his actual innocence.[4] Consequently, the petition must be dismissed as time-barred.

Accordingly, the Court **ORDERS** that:

1. Petitioner's petition for writ of habeas corpus (Dkt. 1) is **DISMISSED** as time-barred.

2. The **Clerk** shall terminate any pending motions and close this case.

3. If Petitioner can show by record evidence that his petition is not time-barred, the Court will entertain a motion to reopen this case if Petitioner files the motion within **twenty-eight (28) days** from the date of this Order.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of

---

[3] The Supreme Court has held that "'[a]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998)(citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

[4] "In order to qualify as 'new,' the evidence must not have been available at trial and could not have been discovered earlier through the exercise of due diligence." *Marshall v. McDonough*, 2008 U.S. Dist. LEXIS 34205, 2008 WL 1897595, at *5 (M.D. Fla. Apr. 25, 2008) (citing *Osborne v. Purkett*, 411 F.3d 911, 920 (8th Cir. 2005), *cert. denied*, 547 U.S. 1022 (2006)). *See also, United States v. Starr*, 275 Fed. Appx. 788, 2008 WL 1868030, at *1 (10th Cir. Apr. 28, 2008) (victim's statements were not 'new' evidence where statements were made and available before trial, had been discovered by defense counsel before trial, and could have been presented at trial).

5

appealability (COA). Id. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition is clearly time-barred, Petitioner cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida on ___May 2___, 2012.

JAMES D. WHITTEMORE
United States District Judge

SA:sfc
Copy to: Petitioner *pro se*

6